# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI JACKSON DIVISION

JHONUS BROOKS,

Plaintiff,

v.

Case No. 3:25-cv-772-CWR-LGI

CITY OF JACKSON, MISSISSIPPI;
HINDS COUNTY, MISSISSIPPI; CITY of JACKSON
POLICE CHIEF (in his official capacity);
HINDS COUNTY SHERIFF (in his official capacity);
JOHN DOE OFFICERS 1-5 (in their individual and
official capacities);
JOHN DOE CORRECTIONS OFFICERS 1-5 (
in their individual and official capacities);
and JOHN DOE ENTITIES 1-3,

Defendants.

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW the Plaintiff, Jhonus Brooks, by and through undersigned counsel, and files this Complaint against the Defendants pursuant to 42 U.S.C. § 1983 for violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and supplemental state-law claims, and states as follows:

### I. JURISDICTION AND VENUE

1.　　This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as it arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.

2. This Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred within the Southern District of Mississippi, specifically in the City of Jackson and Hinds County, Mississippi.

## II. PARTIES

4. Plaintiff Jhonus Brooks is an adult resident citizen of the State of Mississippi, residing in Hinds County.

5. Defendant City of Jackson, Mississippi ("City") is a municipal corporation organized under the laws of the State of Mississippi, with its principal place of business in Jackson, Mississippi. The City operates the Jackson Police Department and is responsible for the policies, customs, training, and supervision of its law enforcement officers. The City may be served through its Mayor or City Clerk at City Hall, 219 South President Street, Jackson, Mississippi 39201.

6. Defendant Hinds County, Mississippi ("County") is a political subdivision organized under the laws of the State of Mississippi, with its principal place of business in Jackson, Mississippi. The County operates the Raymond Detention Center and is responsible for the policies, customs, training, and supervision of its corrections officers. The County may be served through its Chancery Clerk at 316 South President Street, Jackson, Mississippi 39201.

7. Defendant Jackson Police Chief (name unknown at this time, hereinafter "Police Chief") is the chief law enforcement officer for the City of Jackson and a final policymaker for the Jackson Police Department. He is sued in his official capacity. Upon information and belief, the Police Chief directed or ratified the actions complained of herein. He may be served at the Jackson Police Department, 327 East Pascagoula Street, Jackson, Mississippi 39201.

8. Defendant Hinds County Sheriff (name unknown at this time, hereinafter "Sheriff") is the chief law enforcement officer for Hinds County and a final policymaker for the Raymond Detention Center. He is sued in his official capacity. Upon information and belief, the Sheriff directed or ratified the actions complained of herein. He may be served at the Hinds County Sheriff's Office, 1450 North Street, Jackson, Mississippi 39202.

9. Defendants John Doe Officers 1-5 are law enforcement officers employed by the City of Jackson who participated in the arrest and/or assault of Plaintiff at the Jackson Police Department or Raymond Detention Center on or about October 22, 2024. They are sued in their individual and official capacities. Their true identities are unknown at this time but can be ascertained through discovery.

10. Defendants John Doe Corrections Officers 1-5 are corrections officers employed by Hinds County who participated in the assault of Plaintiff at the Raymond Detention Center on or about October 22, 2024. They are sued in their individual and official capacities. Their true identities are unknown at this time but can be ascertained through discovery.

11. Defendants John Doe Entities 1-3 are any other entities or supervisory personnel affiliated with the City of Jackson, Hinds County, or their respective departments who may be liable for the acts and omissions described herein. Their true identities are unknown at this time but can be ascertained through discovery.

### III. FACTUAL ALLEGATIONS

12. On or about October 22, 2024, Plaintiff Jhonus Brooks was arrested by City of Jackson police officers and taken to the Jackson Police Department for booking.

13. Shortly thereafter, Plaintiff was transferred to the Raymond Detention Center, operated by Hinds County, Mississippi.

14. At the Raymond Detention Center, Plaintiff was violently assaulted by multiple city employees (John Doe Officers 1-5) and county corrections officers (John Doe Corrections Officers 1-5).

15. At all times during the assault, Plaintiff was handcuffed and shackled, unable to defend himself, not resisting, and committing no crime.

16. The assault was recorded by multiple video recordings at both the Jackson Police Department and the Raymond Detention Center, capturing the actions of the Defendant Officers and Corrections Officers.

17. As a result of the assault, Plaintiff suffered severe physical injuries, including but not limited to bruises, contusions, and potential fractures, as well as emotional and psychological trauma.

18. Following the assault, Plaintiff was detained at the Raymond Detention Center for approximately three to four days without access to medical attention for his injuries and without being brought before a judge for a hearing or arraignment.

19. Upon information and belief, after approximately three to four days, Plaintiff was relased from custody, and all charges against him were dropped without further explanation by the City of Jackson or Hinds County.

20. No further action was taken by the City of Jackson, Jackson Police Department, or Hinds County against Plaintiff following his release.

21. The Defendant Officers and Corrections Officers were acting under color of state law and within the course and scope of their employment with the City of Jackson and/or Hinds County during the assault and subsequent detention.

22. The City of Jackson and Hinds County, through their policymakers (including the Police Chief and Sheriff), maintained policies, customs, or practices of failing to properly train, supervise, or discipline their officers regarding the appropriate use of force, provision of medical care to detainees, and timely judicial hearings, amounting to deliberate indifference to the constitutional rights of individuals like Plaintiff.

23. These deficiencies were so obvious and likely to result in constitutional violations that the City's and County's policymakers can reasonably be said to have been deliberately indifferent.

24. As a direct and proximate result of the Defendants' actions and omissions, Plaintiff suffered severe physical injuries, emotional distress, pain and suffering, mental anguish, and loss of enjoyment of life.

25. Plaintiff has incurred and will continue to incur medical expenses for treatment of his injuries.

## IV. CAUSES OF ACTION

### COUNT I:

Violation of 42 U.S.C. § 1983 – Excessive Force (Fourth Amendment) Against Defendant Officers and Corrections Officers (Individual Capacities), City of Jackson, and Hinds County (Municipal Liability)

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. The Defendant Officers' and Corrections Officers' use of force—violently assaulting Plaintiff while he was handcuffed, shackled, and non-resisting—was objectively unreasonable under the circumstances, in violation of Plaintiff's Fourth Amendment right to be free from excessive force during a seizure, as established in *Graham v. Connor*, 490 U.S. 386 (1989) and *Barnes v. Felix*, 604 U.S. __ (2025).

28. No reasonable officer could have believed such force was necessary, as Plaintiff posed no immediate threat, was not resisting, and was restrained.

29. The City of Jackson and Hinds County are liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for their policies, customs, or deliberate indifference in failing to train, supervise, or discipline officers on the proper use of force, which directly caused the violation.

30. These actions proximately caused Plaintiff's injuries and damages.

**COUNT II**:

Violation of 42 U.S.C. § 1983 – Deliberate Indifference to Serious Medical Needs (Fourteenth Amendment) Against Defendant Officers and Corrections Officers (Individual Capacities), City of Jackson, and Hinds County (Municipal Liability).

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. The Defendant Officers and Corrections Officers exhibited deliberate indifference to Plaintiff's serious medical needs by failing to provide medical attention for his severe injuries sustained during the assault, in violation of Plaintiff's Fourteenth Amendment due process rights as a pretrial detainee, as established in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015) and *Thompson v. TDCJ*, No. 21-20241, 2023 WL 3124358 (5th Cir. 2023).

33. The injuries were objectively serious, and the Officers' and Corrections Officers' disregard posed a substantial risk of harm without any legitimate justification.

34. The City of Jackson and Hinds County are liable under Monell for their policies, customs, or deliberate indifference in failing to train or supervise officers on providing medical care to injured detainees, which directly caused the violation.

35. These actions proximately caused Plaintiff's injuries and damages.

### COUNT III:

Violation of 42 U.S.C. § 1983 – Unlawful Detention Without Due Process (Fourteenth Amendment) Against Defendant Officers and Corrections Officers (Individual Capacities), City of Jackson, and Hinds County (Municipal Liability)

36. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

37. The Defendant Officers and Corrections Officers detained Plaintiff for approximately three to four days without bringing him before a judge for a hearing or arraignment, in violation of his Fourteenth Amendment right to due process, as established in *Baker v. McCollan*, 443 U.S. 137 (1979) and *Gerstein v. Pugh*, 420 U.S. 103 (1975).

38. This prolonged detention without judicial oversight was objectively unreasonable and lacked any legitimate justification.

39. The City of Jackson and Hinds County are liable under Monell for their policies, customs, or deliberate indifference in failing to ensure timely judicial hearings for detainees, which directly caused the violation.

40. These actions proximately caused Plaintiff's injuries and damages.

COUNT IV: Violation of 42 U.S.C. § 1983 – Supervisory and Municipal Liability Against Police Chief (Official Capacity), Sheriff (Official Capacity), City of Jackson, and Hinds County

41. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42. The Police Chief and Sheriff, as final policymakers, ratified the Officers' and Corrections Officers' unconstitutional conduct by failing to investigate, discipline, or correct the

assault, medical denial, and unlawful detention, thereby endorsing a custom of deliberate disregard for constitutional rights.

43. The City of Jackson and Hinds County, through their failure to exercise ordinary care in training, supervising, and disciplining officers, exhibited deliberate indifference to the risk of excessive force, denial of medical care, and unlawful detention, proximately causing Plaintiff's injuries, as established in *City of Canton v. Harris*, 489 U.S. 378 (1989).

## COUNT V:

State-Law Claims (Supplemental Jurisdiction) – Negligence and Gross Negligence Against All Defendants

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. The Defendants negligently and/or with gross negligence failed to provide ordinary care to Plaintiff, including through the use of excessive force, failure to provide medical care, failure to ensure timely judicial hearings, and failure to train or supervise, in violation of Mississippi common law and Miss. Code Ann. § 11-46-1 et seq. (Mississippi Tort Claims Act).

46. These acts and omissions proximately caused Plaintiff's injuries and damages. 47. Plaintiff has complied or will comply with the notice requirements of Miss. Code Ann. § 11-46-11 by providing pre-suit notice to the City of Jackson and Hinds County.

## V. DAMAGES

48. As a direct and proximate result of the Defendants' violations, Plaintiff has suffered and continues to suffer:

    a. Past and future medical expenses;

    b. Physical pain and suffering;

c. Mental and emotional trauma; d. Loss of enjoyment of life;

e. Punitive damages under federal law against individual Defendants;

f. All other damages recoverable under the laws of the State of Mississippi and the United States, including attorney's fees and costs pursuant to 42 U.S.C. § 1988.

49. Plaintiff seeks compensatory damages in an amount not less than $1,000,000.00, punitive damages where applicable, pre- and post-judgment interest at the rate of 8% per annum pursuant to Miss. Code Ann. § 75-17-7, and such other relief as the Court deems just.

## VI. DEMAND FOR JURY TRIAL

50. Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

## VII. PRAYER FOR RELIEF WHEREFORE, PREMISES CONSIDERED,

Plaintiff prays that upon a final hearing of this cause, judgment be entered for Plaintiff against Defendants for actual, compensatory, and punitive damages in an amount not less than $1,000,000.00; for attorney's fees and costs; for pre- and post-judgment interest at the highest lawful rate; and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted, this the 10th of October, 2025.

/s/ Megan Stuard Thornton

Megan Stuard Thornton
Mississippi Bar No. 104104
Stuard Thornton Law Firm
124 Main Avenue N.
Magee, Mississippi 39111
Phone: (601) 207-3434
Email: megan@stuardthornton.com
*Attorney for Plaintiff*