**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

JHONUS BROOKS                                                              PLAINTIFF

VS                                              CIVIL ACTION NO. 3:25cv772-CWR-LGI

CITY OF JACKSON, ET AL                                              DEFENDANTS

**MEMORANDUM OF AUTHORITIES IN SUPPORT**
**OF MOTION TO STAY PROCEEDINGS**

**COME NOW, DEFENDANTS HINDS COUNTY, MISSISSIPPI, AND SHERIFF TYREE JONES, IN HIS OFFICIAL CAPACITY,** by and through counsel, and pursuant to Rule 16(b)(3)(B) of the Local Uniform Rules of Civil Procedure, and respectfully submit the following Memorandum of Authorities in Support of a Stay of Proceedings:

**I.      Introduction and Procedural History**

Plaintiff Jhonus Brooks asserts §1983 federal claims and state tort claims against the Hinds County, Mississippi and Sheriff Tyree Jones ("the County Defendants"), in his official capacity, arising out of Mr. Brooks arrest by the City of Jackson and confinement at the Hinds County Detention Center. Doc. 1.  Plaintiff's counsel purports to have served the County Defendants a copy of the Complaint and Summons, along with discovery requests via certified mail addressed to the Hinds County Board of Supervisors Clerk. Doc. 5. Accordingly, the County Defendants filed a motion to dismiss and supporting memorandum of authorities, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to properly serve them. Docs. 13-14. Because the County Defendants have raised a jurisdictional defense, they respectfully submit this Memorandum of Authorities in Support of Motion to Stay Proceedings.

## II.     Legal Authorities

In the movants' brief-in-chief, they raise the issue of whether the Court has personal jurisdiction over them, since they were never properly served with process.  Doc. 14 at 3; *see also Amerihome Mortg. Co., LLC v. Jackson*, 2025 U.S. Dist. LEXIS 218926, at *1 (W.D. Tex. Nov. 6, 2025) ("A district court cannot exercise personal jurisdiction over a party without proper service of process.") (citing *Omni Cap. Int'l, Ltd. V. Rudolf Wolf & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987))."Personal jurisdiction...is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication." *Di Piazza v. Weather Grp. TV, Ltd. Liab. Co.*, 2019 U.S. Dist. LEXIS 228319, at *9 (N.D. Tex. Sep. 9, 2019) (citing *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 231-32 (5th Cir. 2012) (citations omitted)). "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception . . . because [j]urisdiction is power to declare the law, and [w]ithout jurisdiction the court cannot proceed at all in any cause." *Id.* at *9-10 (citing *Pervasive Software Inc.*, (internal citations omitted)).

Local Uniform Civil Rule 16(b)(3)(B) provides that the filing of an "immunity defense or jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the court's ruling on the motion…." L.U. R. Civ. P. 16(b)(3)(B). Defendants have raised jurisdictional defenses and demonstrated that service was not proper in this cause. *See* Docs. 13-14. Thus, Local Rule 16(b)(3)(B) requires all matters, including the attorney conference and disclosure requirements be stayed. Further, Local Uniform Civil Rule 16(b)(3)(B) allows the stay of all discovery unrelated to the issues of the jurisdictional defenses articulated in the Motion.  Along with the Complaint and Summons, Plaintiff purports to have served Interrogatories, Requests for Admissions and Requests for Production of Documents upon a mail

room clerk. Doc. 5; Doc. 13-1. The movants hereby asked to be relieved from responding to the same inasmuch as none of the discovery requests pertain to service of process.

## III.    Conclusion

Due to the threshold issues jurisdictional defenses raised in Defendants' Motion to Dismiss, Defendants respectfully request that the Court stay of all other proceedings in the instant matter pending a determination of Defendants' Motion to Dismiss and that they be relieved of all the requirements of the Rule 16 Order entered in this cause, and that the Court cancel the telephone case management conference set for this week. Docs. 13-14; Doc. 8.

**RESPECTFULLY SUBMITTED**, this the 19th day of January, 2026.

**DEFENDANTS HINDS COUNTY, MISSISSIPPI AND SHERIFF TYREE JONES**

**JACKS GRIFFITH LUCIANO, P.A.**

By:  /s/ *Jessica S. Malone*
Jessica S. Malone, MS Bar No.102826
Daniel J. Griffith, MS Bar No. 8366
*Attorneys for Defendants Hinds County and Sheriff Tyree Jones, in his official capacity*

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Fax: 662-843-6176
Email: jmalone@jlpalaw.com
        dgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Jessica S. Malone, attorney of record for Defendants Hinds County, Mississippi and Sheriff Tyree Jones, in his official capacity, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Memorandum of Authorities* to be delivered by ECF Filing System which gave notice to the following counsel of record who have entered an appearance herein:

Megan Stuard Thornton, MS Bar No. 104104
Stuard Thornton Law Firm
P. O. Box 392
Magee, MS 39111
601-207-3434
Email: megan@stuardthornton.com
***Attorney for Plaintiff***

Jason L. Nabors-City Gov
Office of the City Attorney
455 East Capitol Street
Post Office Box 2779
Jackson, MS 39207-2779
Phone: (601) 960-8661
Fax: (601) 960-1756
Email: jnabors@jacksonms.gov
***Attorney for Defendant City of Jackson, MS and City of Jackson Police Chief, in his official capacity***

**DATED** this the 19th day of January, 2026.

/s/Jessica S. Malone
Jessica S. Malone