**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **JHONUS BROOKS,** | |
| *Plaintiff,* | |
| v. | |
| **CITY OF JACKSON, MISSISSIPPI,** *et al.,* | Cause No. 3:25-CV-772-CWR-LGI |
| *Defendants.* | |

## ORDER OF DISMISSAL FOR FAILURE TO SERVE PROCESS

Sheriff Tyree Jones, sued here in his official capacity, and Hinds County moved to dismiss the claims against them, citing Plaintiff's failure to properly serve them. Docket No. 13. Because Plaintiff's service did not comply with the methods allowed under the Federal Rules of Civil Procedure, Defendants' motion is granted. Plaintiff's claims, as stated against Hinds County and Sherrif Tyree Jones, are dismissed without prejudice.

## LEGAL STANDARD

"Federal Rules of Civil Procedure Rule 4(j)(2) provides that a state or state-created governmental organization that is subject to suit must be served by delivering a copy of the summons and complaint to the state's chief executive officer or in a [manner] prescribed by that state's law." *Francois v. Jefferson Par.*, No. 16-15799, 2017 WL 86189, at *2 (E.D. La. Jan. 10, 2017) (citing Fed. R. Civ. P. 4(j)(2)).

## DISCUSSION

Plaintiff brings this action against the City of Jackson, the City of Jackson Police Chief, in his official capacity, Hinds County, the Sherriff of Hinds County, in his official capacity, and three categories of John Doe Defendants. Two of the Defendants, Sheriff Jones and Hinds

1

County (the "County Defendants"), have challenged Plaintiff's chosen method of accomplishing service. Plaintiff attempted service on both via certified mail. The County Defendants claim the service was insufficient. They are correct.

Defendant Hinds County is subject to service requirements under Federal Rule of Civil Procedure 4(j)(2). Because Sheriff Jones is being sued in his official capacity, the action is construed as a claim against Hinds County, *see Hinson v. Rankin Cnty., Miss.*, 873 F. Supp. 2d 790, 792 at n.1 (S.D. Miss. 2012), and he is subject to the same service provision. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

There are two methods for accomplishing service under Rule 4(j)(2): serving the "chief executive officer" or in a manner prescribed by that state's law. Plaintiff accomplished neither.

Plaintiff served the County Defendants via certified mail that was only acknowledged by Kalyn Davis, a mail clerk for Hinds County. Docket No. 5. Ms. Davis, for Rule 4 purposes, is not a "chief executive officer." *See Smith v. City of Garland*, No. 3:25-CV-949-B-BW, 2026 WL 245675, at *1 (N.D. Tex. Jan. 14, 2026) (finding improper service on a city where a city employee who was not the "Chief Executive Officer, Mayor, City Manager, or City Secretary" was served). Even if Davis were the proper person to have been served, service would be deficient because "the use of certified mail is not sufficient to constitute 'delivering' under Rule 4." *Gilliam v. Cnty. Of Tarrant*, 94 Fed. App'x 230, 230 (5th Cir. 2004) (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Plaintiff failed to accomplish service in this manner.

Federal Rule of Civil Procedure 4(j)(2) also allows service upon a state-created governmental organization in a manner prescribed by state law. The relevant Mississippi Rule of Civil Procedure allows a county to be served by "delivering a copy of the summons and complaint to the president or clerk of the board of supervisors." Miss. R. Civ. P. 4(d)(6). The Plaintiff claims to have served both Sheriff Jones and Hinds County via certified mail through Ms. Davis. Eddie Jean Carr is, and was contemporaneously, the elected Chancery Clerk of Hinds County. Docket No. 13-1. Plaintiff never served Ms. Carr. *Id.* At the time of the service receipt, Ms. Davis was not employed by the Hinds County Chancery Clerk's Office, nor was she ever deemed an authorized agent to receive and acknowledge service on behalf of the county. *Id.* Nobody, other than Ms. Davis, has received or acknowledged process. Here again, Plaintiff failed to accomplish service. In any event, an attempt via certified mail would not be effective, because service via certified mail is also unavailable under the applicable state rule in this case. *See Triple C Transport, Inc. v. Dickens*, 870 So. 2d 1195, 1198 (Miss. 2004) ("Service of process may not be had by certified mail upon an in-state defendant.").

Given Plaintiff's failure to serve the County Defendants, the time limit for service imposed by Federal Rule of Civil Procedure 4(m) comes into play. That rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Far more than the 90 days provided for in Rule 4(m) have passed, and service has not been accomplished. Plaintiff bears the burden of showing good cause for this failure. *See Bivins v. Miss. Regional Housing Auth. VIII*, No. 1:13-CV-230-HSO-RHW, 2014 WL

3

12665156, at *3 (S.D. Miss. Mar. 14, 2014) (interpreting Rule 4(m) and noting that Plaintiff "bears the burden of proving good cause for her failure to timely do so"). "In addition, Plaintiff 'must make a showing of good faith and establish some reasonable basis for noncompliance within the time specified.'" *Id.* (quoting *Sys. Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)). Plaintiff has made no showing at all. The present motion was filed on January 16, 2026, and no response has ever been filed. Plaintiff has not met his burden. Therefore, the claims against the County Defendants are dismissed.

Defendants' motion, Docket No. 13, is granted. Plaintiff's claims against Hinds County and Sheriff Tyree Jones are dismissed without prejudice.

**SO ORDERED**, this the 4th day of June 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

4